Filed 1/19/22  P. v. Garcia CA2/8
Opinion on remand from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B307757 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA357126) |
| v. | |
| RICARDO GARCIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Curtis B. Rappe, Judge.  Reversed and remanded with directions.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael C. Keller, Idan Ivri and Wyatt E. Bloomfield, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In 2009, defendant and appellant Ricardo Garcia was charged with first degree murder (Pen. Code, § 187, subd. (a)) and attempted murder (§ 187, subd. (a), § 664).  Firearm use and gang allegations were alleged as to both counts (§ 12022.53, § 186.22).  The charges arose from an incident on March 19, 2009, in which defendant's fellow gang member and codefendant, Francisco Ruiz, walked up to the front of an apartment building where several members of a family were gathered and began shooting, wounding one family member and killing another.  Defendant was charged and prosecuted as the dropoff and getaway driver for Ruiz.  (*People v. Garcia* (May 22, 2013, B236196) [nonpub. opn.].)

During deliberations, the jury indicated an inability to reach a decision on defendant's liability as a direct aider and abettor.  After discussing the matter with counsel, the court instructed the jury on the natural and probable consequences doctrine.  The jury thereafter returned with a verdict.  The jury acquitted defendant of first degree murder, found him guilty of second degree murder and acquitted him of attempted murder.  The jury found true the gang allegation and the allegation that a principal discharged a firearm in the commission of the offense.  (*People v. Garcia, supra*, B236196.)  The trial court sentenced defendant to an indeterminate term of 40 years to life.

In an unpublished decision, we affirmed defendant's conviction.  (*People v. Garcia, supra*, B236196.)

In 2018, Senate Bill 1437 (2017–2018 Reg. Sess.) was passed.  Penal Code section 1170.95 was enacted as part of the legislative changes effected by Senate Bill 1437 and became effective January 1, 2019.  (Stats. 2018, ch. 1015, § 4.)

2

Thereafter, defendant filed in propria persona a form petition for resentencing pursuant to Penal Code section 1170.95. The court appointed counsel for defendant and received briefing from the parties. At the hearing on defendant's petition, no new evidence was presented. The court entertained argument from the parties on the briefing alone and denied defendant's petition. The court explained it believed the appropriate standard of review was akin to a substantial evidence standard focused on whether defendant "could 'be convicted of first or second degree murder' under the present law" and that the prosecution had proved that defendant could still be convicted as a direct aider and abettor under the amended law.

Defendant appealed. In our original decision, we reversed and remanded for the trial court to conduct an evidentiary hearing pursuant to Penal Code section 1170.95, subdivision (d)(3). We directed the superior court, at the evidentiary hearing, to act as an independent fact finder and apply the beyond a reasonable doubt standard of proof in assessing defendant's liability for murder under current law. (*People v. Garcia, supra*, B236196.)

Respondent filed a petition for review asking the Supreme Court to grant review and defer briefing because this case raised the same issue pending before the Court in *People v. Duke* (2020) 55 Cal.App.5th 113, review granted January 13, 2021, S265309, that is, whether the trial court, during an evidentiary hearing under Penal Code section 1170.95, acts as an independent factfinder or reviews the record for substantial evidence. On July 14, 2021, the Supreme Court granted respondent's petition.

In October 2021, while this case was pending in the Supreme Court, the Legislature passed Senate Bill 775 (2021–2022 Reg.

3

Sess.) which, among other things, amended the language of Penal Code section 1170.95, subdivision (d)(3). (Stats. 2021, ch. 551, § 2.)

On December 22, 2021, the Supreme Court transferred this case to us with directions to vacate our decision and reconsider the matter in light of the passage of Senate Bill 775. Having vacated our original decision and reconsidered the issues presented in light of the new legislation, we again reverse and remand with directions to the superior court to conduct an evidentiary hearing in accordance with Penal Code section 1170.95, subdivision (d)(3), as amended.

## DISCUSSION

In amending the law regarding vicarious murder liability, Senate Bill 1437 created a specific procedure "for retroactive application of its ameliorative provisions. [Penal Code] [s]ection 1170.95 lays out a process for a person convicted of felony murder or murder under a natural and probable consequences theory to seek vacatur of his or her conviction and resentencing." (*People v. Gentile* (2020) 10 Cal.5th 830, 853 (*Gentile*).)

There is no dispute here that defendant's murder conviction falls within the purview of Penal Code section 1170.95. In its supplemental postremand brief, respondent concedes this case should be remanded to the superior court for an evidentiary hearing pursuant to section 1170.95, subdivision (d)(3).

We agree. Because the record of conviction here does not establish as a matter of law that defendant is ineligible for relief, an evidentiary hearing should be conducted. (Pen. Code, § 1170.95, subd. (c).)

Furthermore, Senate Bill 775 amended and clarified the procedures governing an evidentiary hearing conducted pursuant to Penal Code section 1170.95, subdivision (d)(3). "[T]he burden of

4

proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (d)(3).) The new text provides that a prior "finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid.*)

The amendments also expand on the consideration of evidence at the hearing, during which both sides may "offer new or additional evidence to meet their respective burdens." (Pen. Code, § 1170.95, subd. (d)(3).) The amended statute provides, in relevant part, that "[t]he admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion." (*Ibid.*)

Accordingly, on remand, the trial court shall conduct an evidentiary hearing pursuant to Penal Code section 1170.95, subdivision (d)(3), as amended by Senate Bill 775. At the evidentiary hearing, the trial court shall act as an independent fact finder and apply the beyond a reasonable doubt standard of proof. (See also *Gentile, supra,* 10 Cal.5th at p. 855 ["section 1170.95 requires the superior court to determine on an individualized basis, after considering any new or additional evidence offered by the parties, whether the defendant is entitled to relief"].)

## DISPOSITION

The order denying defendant's resentencing petition is reversed and the case remanded to the superior court to conduct an evidentiary hearing pursuant to Penal Code section 1170.95, subdivision (d)(3), as amended.


GRIMES, Acting P. J.

WE CONCUR:


STRATTON, J.


WILEY, J.